Mark E. Cohen, Esq.                                    Motion Date:  November 2, 2020
Attorney for Chapter 13 Debtor                         Motion Time: 9:30AM
108-18 Queens Boulevard, 4th Floor, Suite 3
Forest Hills, New York 11375
Telephone: (718) 258-1500
Email: mecesq2@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
In re:                                                 Case No. 8-15-73746-reg

ANDREW GREGORY
and NANCY GREGORY,                                     Chapter 13

                             Debtors.
----------------------------------------------------X

### NOTICE OF MOTION FOR AN ORDER
### GRANTING DISCHARGE PURSUANT TO 11 U.S.C. §1328(b)

**PLEASE TAKE NOTICE** that the Debtors, ANDREW GREGORY and NANCY

GREGORY, by their attorney, MARKE. COHEN, ESQ., will move this Court before

HONORABLE ROBERT E. GROSSMAN, United States Bankruptcy Judge, at the Courthouse

located at the U.S. Bankruptcy Court, 290 Federal Plaza, Courtroom 860, Central Islip, New York

11722 on 2nd day of November, 2020 at 9:30 a.m. or as soon thereafter as counsel can be heard, for

an Order granting to debtors a discharge pursuant to 11 U.S.C. §1328(b), together with such other

and further relief as the court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** answering papers, if any, shall be filed with the

Court and served upon the undersigned in accordance with Local Bankruptcy Rule 9006-1.

Dated: Forest Hills, New York
        October 13, 2020                          MARK E. COHEN, ESQ.
                                                  By: s/*Mark E. Cohen, Esq.*
                                                  Attorney for Chapter 13 Debtors
                                                  108-18 Queens Boulevard, 4th Floor, Suite 3
                                                  Forest Hills, NY 11375
                                                  Telephone: (718) 258-1500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                              Case No. 8-15-73746-reg

ANDREW GREGORY
and NANCY GREGORY,                                  Chapter 13

                        Debtors.
-----------------------------------------------------X

### NOTICE OF MOTION FOR AN ORDER
### GRANTING DISCHARGE PURSUANT TO 11 U.S.C. §1328(b)

TO THE HONORABLE ROBERT E. GROSSMAN, UNITED STATES BANKRUPTCY JUDGE:

The motion of ANDREW GREGORY and NANCY GREGORY, the Chapter 13 debtors

herein, by their attorney, Mark E. Cohen, Esq seeking an Order granting to debtors a discharge

pursuant to 11 U.S.C. §1328(b), together with such other and further relief as the court deems just

and proper, respectfully show that:

### FACTUAL BACKGROUND

1.  This case was commenced by the filing of a petition under Chapter 13 of the United

States Bankruptcy Code on August 31, 2015. The debtors' Second Amended Chapter 13 Plan

(ECF #42) was confirmed by Order dated and entered on June 22, 2016 (ECF #43).

2.  On September 24, 2018 Secured Creditor filed a motion for relief from the automatic

stay as to the debtors real property known as 120 South Hillside Avenue, Nesconset, New York

11767 (ECF #57) based upon post-petition mortgage arrears due from the debtors.

**3.**  This motion for relief from the automatic stay was settled in accordance with the Order

Conditionally Granting Relief from the Automatic Stay dated February 19, 2019 (ECF #61), a copy

of which is annexed hereto as **Exhibit "A."**

4.  Thereafter, due to certain difficulties that the debtors experienced, they were not able to

make the payments to the Secured Creditor in accordance with the conditional order entered herein.

As a result, on November 5, 2019, the Secured Creditor filed its Affirmation of Non-Compliance (ECF #65), a copy of which is annexed hereto as **Exhibit "B."**

**5.**  As a result thereof, on November 7, 2019 the Order Modifying and Terminating Automatic Stay was entered (ECF #66), a copy of which is annexed hereto as **Exhibit "C."**

6.  Immediately upon the docketing by the Secured Creditor of its Affirmation of Non-Compliance, the debtors engaged with the Secured Creditor to bring their post-petition mortgage arrears current. To that extent, debtors and the Secured Creditor agreed upon an Order Vacating Relief Order and Conditionally Granting Relief from the Automatic Stay whereby the parties consented that the Order dated November 7, 2019 would be vacated and that a new payment schedule would be provided so allow the debtors the ability to bring their post-petition mortgage arrears current. However, upon the agreement to the terms by and between the debtors and the Secured Creditor, we were advised that the Court would not accept such a conditional order.

7.  In negotiating with the Secured Creditors, the debtors were advised that as of February 28, 2020, the total amount owed to the Secured Creditor post-petition was in the total amount of $4,858.82. Thereafter, payments were made to the Secured Creditor as provided in the annexed **Exhibit "D"** as follows:

On or about February 12, 2020 in the amount of $1,820.19.

On or about February 24, 2020 in the amount of $1,893.36.

On or about March 17, 2020 in the amount of $1,893.36.

On or about March 25, 2020 in the amount of $1,144.54.

The total amount of these four (4) payments is $6,751.45 representing payment in the amount owed to the Secured Creditor as of February 28, 2020 plus the regular March 2020 payment in the amount of $1,893.36. Annexed hereto as **Exhibit "E"** is a copy of the remittance made by debtors to Secured Creditor as and for the April 2020 mortgage payment.

8.  To this extent, on April 14, 2020 the debtors filed a motion seeking an Order vacating

the Order Modifying and Terminating Automatic Stay. The motion appears on the Court's

docket at ECF #67 and was returnable on May 20, 2020. This motion was properly served upon

the attorneys for Secured Creditor. Thereafter, prior to the return date of the motion upon

conversation had by and between the attorney for the debtors and the attorney for the Secured

Creditor a request was made to the Court to adjourn the subject motion with the motion then

being adjourned to July 1, 2020.

9.   Thereafter, and prior to the July 1, 2020 return date, nothing was received from the

Secured Creditor as to any opposition or objection to the relief requested by the debtors. To that

extent, I reached out to the attorney for the Secured Creditor on several occasions and whereas

he advised me that he was waiting for the information from his client, no response was received

prior to the motion return date. To that extent, the debtors filed their Certificate of No Objection

to the pending motion as appears at ECF #73.

10.   On July 1, 2020, the debtors' motion was marked as being under submission with

the Order signed by the Court on July 1, 2020 as appears at ECF #74 and as annexed hereto as

**Exhibit "F."**

### ARGUMENT IN SUPPORT OF MOTION

11.   In support of the debtors' motion to vacate, the debtors' demonstrated their diligent

payments in satisfying all post-petition obligations due to the Secured Creditor as provided to

them by the Secured Creditor by and through the Secured Creditor's attorney. At no time until

this last moment has the Secured Creditor come forward and advised that the debtors have not

paid all post-petition payments notwithstanding the debtor's payment of all amounts as

previously represented by the Secured Creditor which were duly paid.  The Secured Creditor

raised this objection at the very last minute, having filed their Response to Notice of Final Cure

Payment on the 20th day following the Trustee's Notice of Final Cure Payment on August 26,

2020 (ECF #75).

3

12.  At no time prior to the Secured Creditor's Response dated September 15, 2020 did the Secured Creditor raise a claim of unpaid post-petition payments notwithstanding the extensive history of this Chapter 13 case and the multiple reviews of the debtors' post-petition payments as due. Moreover, as set forth in the annexed Affidavit of Andrew Gregory, the debtors allege that the Secured Creditor is in error in its calculations as the debtors possess proofs of payments which would equate to the payments as due to the Secured Creditor post-petition.

13.  However, even if the Secured Creditor's accounting is correct and there remains unpaid post-petition payments, which is an argument that the debtors deny, the Secured Creditor's Response should be denied and the debtors permitted to receive their discharge in accordance with 11 U.S.C. §1328(b).

14.  As demonstrated by the debtors in this Reply and in the motion to vacate the Order dated November 7, 2019, the debtors have paid all post-petition mortgage payments which were set forth in all communications received from the Secured Creditor. In particular, and most recently, the Court is respectfully referred to the Secured Creditor's letter annexed hereto as the **Exhibit "G"** *which letter was docketed with the Court as Secured Creditor's Exhibit "B" to its Affirmation of Non-Compliance which is also part of the Exhibit "B" annexed to this Reply.* In this letter dated September 27, 2019, which was sent to both the debtor Andrew Gregory and debtors' counsel, it is set forth those payments which the debtors failed to make to the Secured Creditor. Thereafter, all payments were made as set forth as provided in this letter. Therefore, to that extent with those payments have been made, the debtors are not deficient in any post-petition mortgage obligation, whereupon the debtors respectfully present that they are entitled to receive their discharge.

15.  In the event the Court deems to the contrary, the debtors respectfully present that they should be entitled to the granting of a discharge in accordance with 11 U.S.C. §1328(b).

16.  Subsection '1' of Section 1328 provides that the court may grant a discharge where "the debtor's failure to complete such payments is due to circumstances for which the debtor should not be held accountable." Based upon the facts as set forth herein, it would not be just to hold the debtors accountable for the errors of the Secured Creditor. The debtors have made all payments which were requested by the Secured Creditor as set forth in the exhibits annexed hereto.

17.  Further to the granting of a discharge under Section 1328, subsection '2' requires that the

> "value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under 7 of this title on such date.

18.  The debtors made all payments to the Chapter 13 Trustee who certified with the Court that all payments as required to be made to the Trustee under the Plan have been made as provided at ECF #77. Therefore, proper and full distribution to the debtors' unsecured creditors are required under subsection '2' has been made.

19.  Lastly, subsection '3' of Section 1328 provides that a modification of the plan is not practicable. In this case, as the full sixty (60) month term has expired a modification of the plan is not possible.  Secured Creditor's notice of alleging that the debtors have not made their post-petition mortgage payments was filed after the Trustee filed his Notice of Final Cure Payment on August 26, 2020 (ECF#75).

20.  As the debtors have satisfied the requirements as provided in 11 U.S.C. §1328(b), it

is respectfully presented that should the Court deem that the debtors are not entitled to a discharge in accordance with 11 U.S.C. §1328(a), then a discharge should issue in accordance with 11 U.S.C. §1328(b).

WHEREFORE, the Debtors respectfully pray for an Order granting this motion in all respects, together with such other and further relief as the court deems just and proper.

Dated: Forest Hills, New York
      October 13, 2020

**MARK E. COHEN, ESQ.**
By: s/*Mark E. Cohen, Esq*.
Attorney for Chapter 13 Debtors
108-18 Queens Boulevard
4th Floor, Suite 3
Forest Hills, NY 11375
Telephone: (718) 258-1500

## CERTIFICATE OF SERVICE

I, Mark E. Cohen, certify under penalty of perjury that I am not a party to this action, am over 18 years of age.

That on October 13, 2020 I served the NOTICE OF MOTION FOR AN ORDER GRANTING DISCHARGE PURSUANT TO 11 U.S.C. §1328(b) and MOTION FOR AN ORDER GRANTING DISCHARGE PURSUANT TO 11 U.S.C. §1328(b) with Exhibits, by the Court's electronic filing system and regular U.S. Mail to the addresses listed below, said addresses designated for that purpose as follows:

TO: Michael J. Macco, Esq.
Chapter 13 Trustee
2950 Express Drive South, Suite 109
Islandia, NY 11749

Office of the United States Trustee
Eastern District of New York
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Friedman Vartolo LLP
Attorneys for Secured Creditor BSI Financial Services
as servicer for US Bank National Trust National Association
as Trustee of the Igloo Series III Trust
Attention:  Richard Postiglione, Esq.
1325 Franklin Avenue, Suite 230
Garden City, NY 11530

Shapiro, DiCaro & Barak, LLC
Attorney for Secured Creditor JP Morgan Chase Bank NA
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747

Stiene & Associates, P.C.
Attorney for Secured Creditor JP Morgan Chase Bank NA
167 Main Street
Northport, NY 11768

Robertson Anschutz & Shneid
Attorney for Secured Creditor Nationstar Mortgage LLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

RAS Boriskin LLC
Attorney for Secured Creditor Nationstar Mortgage LLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Aldridge Pite LLP
Attorney for Secured Creditor US Bank National Association
4375 Jutland Drive, Suite 200
San Diego, CA 92117

Discover Bank
Discover Products Inc.
PO Box 3025
New Albany, OH 43054-3025

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

Marino I. Peredo MD PC
C Tech Collections Inc.
5505 Nesconset Highway, Suite 200
Mt. Sinai, NY 11778

Midland Credit Management, Inc. as agent for
Midland Funding LLC
PO Box 2011
Warren, MI 48090

Dated: Forest Hills, New York
    October 13, 2020

          **MARK E. COHEN, ESQ.**
          By: s/*Mark E. Cohen, Esq*.
          Attorney for Chapter 13 Debtor
          108-18 Queens Boulevard
          4th Floor, Suite 3
          Forest Hills, NY 11375
          Telephone: (718) 258-1500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------------

In re:                                              Case No. 8-15-73746-reg

ANDREW GREGORY and                 CHAPTER 13
NANCY GREGORY,

Debtors.


---------------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------------

## MOTION FOR AN ORDER
## GRANTING DISCCHARGE PURSUANT TO 11 U.S.C. §1328(b)

---------------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------------

*MARK E. COHEN, ESQ.*
*Attorney for Chapter 13 Debtors*
*108-18 Queens Boulevard*
*4th Floor, Suite 3*
*Forest Hills, New York 11375*
*Telephone: (718) 258-1500*
*Facsimile: (718) 793-1627*


---------------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------------